IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04381-PAB

WERVERTON BARCELOS OLIVEIRO, JR.,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Werverton Barcelos Oliveiro, Jr.'s *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Docket No. 1, filed September 14, 2026, and the amended petition, Docket No. 14, filed October 7, 2026. Respondent filed a response to the original petition, Docket No. 7, and a response to the amended petition. Docket No. 17.

## I. Background

Petitioner[1] is a native and citizen of Brazil who arrived in the United States on August 23, 2023. Docket No. 1 at 5. He alleges he was arrested at the point of entry, held for two days, and released from custody. Docket No. 14 at 1. Petitioner further alleges he was arrested by immigration officials in March 2026 and placed in removal

[1] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

proceedings. Docket No. 1 at 5. The arrest followed a traffic stop. Docket No. 14 at 2. According to petitioner, he was not charged with any traffic offense and he was detained and held solely because of his immigration status. *Id.*

Petitioner asserts one claim contending his continued detention without a bond hearing violates the Immigration and Nationality Act and the Fifth Amendment to the United States Constitution. Docket No. 1 at 2. As relief he seeks immediate release from detention or, alternatively, a bond hearing at which the government bears the burden of proof by clear and convincing evidence that his continued detention is necessary. *Id.* at 4.

In the responses, respondent notes that he has not submitted "a brief in opposition to the Petition detailing the facts and circumstances of this case," Docket No. 7 at 1, and he has not submitted "a brief in opposition to the Amended Petition detailing the facts and circumstances of this case." Docket No. 17 at 1. Respondent recognizes that the Court may then decide to award appropriate relief. Docket No. 7 at 1; Docket No. 17 at 1. According to respondent, "the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security." Docket No. 7 at 2; Docket No. 17 at 1-2.

## II. ANALYSIS

Petitioner indicates that, after being released from custody, he was re-detained solely because of his immigration status. Docket No. 14 at 2. Respondent does not dispute this assertion. Re-detaining a noncitizen who was previously released from immigration detention can constitute a due process violation if the petitioner satisfies the factors set out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See generally Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Given

that petitioner argues his detention violates the Fifth Amendment, the Court construes petitioner as bringing his Fifth Amendment due process claim based on his re-detention. *See Hall*, 935 F.2d at 1110.

Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), a court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a “person’s physical freedom is the most elemental of liberty interests,” *see Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was previously released from immigration detention. In releasing petitioner, the government necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondent does not provide any explanation for why petitioner’s release was revoked. Petitioner asserts it was because of his immigration status, Docket No. 14 at 2, which respondents do not dispute. Here – where respondent has provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk – there is a significant risk of the erroneous deprivation of petitioner’s liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the “risk of erroneous deprivation is also considerable” where “[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the

community or a flight risk”); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that “the risk of erroneous deprivation is considerable” where petitioner was previously released on his own recognizance and respondents “do not contest, that at the time of his detention, there had not been a material change in circumstances”) (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because “civil immigration detention, which is ‘nonpunitive in purpose and effect’ is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community,” “Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community,” and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). “A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual’s liberty interest.” *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025). Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, “the government clearly has an interest in enforcing immigration laws, but [the government’s] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low.” *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) (“It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention.”). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in

circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of her liberty. *See Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondent provides no argument to the contrary. Respondent also does not contend that petitioner is a flight risk or danger to the community or provide a reason for the termination of petitioner's release. The Court will grant the habeas petition and order petitioner's immediate release with the same conditions of release that were imposed during petitioner's initial release. *See Perez-Cifuentes*, 2026 WL 1733489, at *3, *5 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination" and ordering that respondents may "not impose any additional restrictions" on petitioner) (internal quotations and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger" and ordering that respondents "may not impose any conditions of release or supervision that were not imposed in the original grant of parole") (internal quotation and citation omitted); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . .

releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Werverton Barcelos Oliveiro, Jr.'s application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 19, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge